# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No.59104-9-II |
| Respondent, | |
| v. | |
| JOSHUA ERIC DICKINSON, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Joshua Dickinson appeals his convictions of three counts of delivery of a controlled substance.

At trial, the prosecutor asked a detective whether a confidential informant (CI) completed any "wired buys" with Dickinson. Dickinson objected that this testimony invaded the role of the jury, but the trial court overruled the objection. The detective then testified that the CI completed two wired buys, and provided detailed testimony about the procedure for the wired buys.

We hold that the trial court did not err in admitting the detective's testimony. Accordingly, we affirm Dickinson's convictions.

FACTS

Cody Anderson is a detective with the Clallam County Sheriff's office, assigned to a drug enforcement team. He testified that he worked with CIs to conduct controlled buys of controlled

substances. Anderson stated that a wired buy is a controlled buy where the CI is equipped with a recording transmitting device so officers can monitor and control the buy.

Anderson testified that he was working with a particular CI on Dickinson's case. At this point, the prosecutor asked, "Did [the CI] complete any wired buys with the Defendant?" Rep. of Proc. (RP) at 95. Anderson responded, "He did – " as Dickinson objected. RP at 95. Dickinson stated that Anderson was "taking the role of the jury." RP at 96. The trial court overruled the objection. Anderson then stated that the CI conducted two wired buys.

Anderson proceeded to provide the details of the wired buys. Officers received information that Dickinson was selling controlled substances from a business where he was working. On July 11, 2022, the CI was equipped with a recording device and went with money supplied by officers to the business in Sequim where Dickinson was working. Before the CI entered the business, he was searched to ensure that he had no controlled substances in his possession. Officers listened to the interaction. The CI returned two minutes later with fentanyl.

Later, officers received information that Dickinson was selling controlled substances from a hotel room in Sequim where he was staying. On July 27, 2022, the same CI was equipped with a recording device and went with money supplied by officers to the hotel. Before the CI entered the hotel, he was searched to ensure that he had no controlled substances in his possession. The CI returned 10 to 12 minutes later with methamphetamine and fentanyl pills.

During cross-examination, Anderson agreed that the purpose of a wired buy was to buy controlled substances. And he acknowledged that he did not witness either transaction. At this point, defense counsel renewed his objection to the previous statement by Anderson that the CI conducted two wired buys with Dickinson. Defense counsel argued that Anderson could not know that the buys were with Dickinson because Anderson did not observe them. And by saying

2

that the CI made two controlled buys with Dickinson, Anderson was telling the jury that Dickinson was guilty. The trial court overruled the objection.

The State called the CI as a witness. However, he invoked his Fifth Amendment privilege and refused to answer any questions about the July 11 and July 27 controlled buys.

Anderson then returned to the witness stand. He testified that he was able to recognize Dickinson's voice on the recordings of both the July 11 and July 27 wired buys. The recordings were admitted into evidence and played for the jury. On each recording, Anderson stated that the CI was being sent to purchase controlled substances from Dickinson.

The jury convicted Dickinson of three counts of delivery of a controlled substance. Dickinson appeals his convictions.

ANALYSIS

Dickinson argues that the trial court erred by admitting improper opinion testimony from Anderson. We disagree.

Witnesses generally may not give opinions regarding a defendant's guilt, either directly or by implication. *State v. Quaale*, 182 Wn.2d 191, 199, 340 P.3d 213 (2014). "Impermissible opinion testimony regarding the defendant's guilt may be reversible error because such evidence violates the defendant's constitutional right to a jury trial, which includes the independent determination of the facts by the jury." *Id.* However, lay witnesses may testify to opinions or inferences that are "rationally based on the perception of the witness." ER 701(a).

We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Slater*, 197 Wn.2d 660, 667, 486 P.3d 873 (2021). An abuse of discretion occurs when the court's decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

Here, Dickinson challenges Anderson's statement that the CI completed two wired buys with Dickinson. Dickinson claims that this statement constituted an improper opinion that he was guilty of delivery of controlled substances.

However, the prosecutor's question about wired buys was merely an introductory question to set the stage for Anderson's detailed testimony about the two controlled buys that the CI conducted with Dickinson. And the term "wired buys" was a label for the controlled buy procedure – about which Anderson testified without objection – not a statement that Dickinson sold controlled substances to the CI. Therefore, Anderson's testimony was not improper.

Accordingly, we hold that the trial court did not abuse its discretion in admitting Anderson's statement that the CI completed two controlled buys with Dickinson.

CONCLUSION

We affirm Dickinson's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, A.C.J.

PRICE, J.

4